**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Kenneth H. KENNEDY, Respondent.**

**Nos. 92-SC-1046-KB, 93-SC-310-KB.**

Supreme Court of Kentucky.

July 1, 1993.

As Amended July 6, 1993.

### ORDER OF SUSPENSION

This matter is before the Court on the motion of the KBA for entry of an order of suspension pursuant to SCR 3.370 against the respondent for the following: (1) failure to represent his client's interests, (2) failure to communicate with his client, (3) failure to have a contingency contract in writing and signed by all parties, (4) failure to attend to a legal matter entrusted to him, and (5) failure to and refusing to communicate with his client.

The matter concerns three default disciplinary cases, KBA 2953 and KBA 2956, considered by the Board of Governors of the KBA on November 13, 1992; and KBA 3035, considered by the Board on March 19, 1993. KBA 2953 concerns the following: After two clients both gave Mr. Kennedy retainer fees of $2,500, the Board of Gover-

nors found it proved by substantial evidence that no substantial work was performed by Mr. Kennedy on behalf of his clients and that Mr. Kennedy failed to keep his clients notified concerning their legal matters. Regarding KBA 2956, Mr. Kennedy accepted $500 as a retainer in a divorce case and the Board of Governors unanimously recommended that Mr. Kennedy be adjudged guilty of neglecting this legal matter entrusted to him and failing and refusing to communicate with this client. Finally, with reference to KBA 3035, Mr. Kennedy accepted $3,000 as a retainer for three clients in an employment law case and the Board of Governors found that Mr. Kennedy did not contact his clients, advise them of the pendency of their action, or take any other steps to keep his clients advised.

The Board of Governors unanimously recommended that Mr. Kennedy be suspended from the practice of law for three months each for the violations in KBA 2953, KBA 2956, and KBA 3035, to run consecutively, for a period of nine months. It further recommended that respondent be required to return all unearned fees to his clients.

It appearing that the Court, on February 12, 1993, issued an order granting respondent's motion for an enlargement of time in which to file a response to the charges contained in KBA 2956 on or before March 10, 1993; and it appearing that the respondent has filed no response except to file on March 10, 1993, a motion for a brief extension of time in which to file a response, and it further appearing that respondent has had since August 7, 1992, to respond to the charges of the Inquiry Tribunal and has continuously failed to do so, despite numerous notices, NOW THEREFORE IT IS ORDERED that the respondent's motion for a brief extension of time in which to file a response be DENIED and that the respondent should be and he is hereby suspended from the practice of law in this Commonwealth for nine (9) months from the date this order is entered. The respondent is also ordered to return all unearned fees to his clients.

IT IS FURTHER ORDERED that:

1. Pursuant to SCR 3.390, respondent is ordered to notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and in similar legal matters of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States Mail within ten (10) days of the date of this order and respondent shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association.

2. Respondent is directed to pay the costs of this action.

3. Respondent shall seek restoration only under the provisions of SCR 3.510 and 3.675.

This order shall constitute a public record.

All concur.

ENTERED: July 1, 1993.

/s/ Robert F. Stephens
Chief Justice